CLD-152                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1941
_____

IN RE: KENNETH E. THORNTON,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 2:23-cv-00198)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 11, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 31, 2024)
_____

OPINION[*]
_____

PER CURIAM

      Kenneth Thornton, proceeding pro se, petitions for a writ of mandamus.  **C.A.**

**Dkt. No. 1 at 1-2 & 17-18.**  For the following reasons, we will deny the application.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Thornton filed a 115-page complaint against 59 defendants, alleging violations of federal and state law in relation to accusations that he committed child abuse. **Dkt. No. 7; see Dkt. Nos. 1-1 & 1-2.** Shortly after filing the complaint, Thornton filed a motion seeking recusal of the District Judge due to alleged bias. **Dkt. No. 76.** Thornton asserted that, because the District Judge had previously represented "government agencies and officials" and the Sports & Exhibition Authority of Pittsburgh and Allegheny County, a reasonable person would question his impartiality as to Thornton's allegations of government corruption.[1] **Id. at 2.** The District Court denied the motion. **Dkt. No. 113.** The District Court also granted numerous defendants' motions for extensions of time to respond to Thornton's complaint, given its scope and arguments that Thornton had not validly executed service.[2] **See Dkt. Nos. 48, 57, 123, 131-135, 199-201.** Upon consideration of 11 motions to dismiss, the District Court dismissed numerous defendants and two counts with prejudice, and the remaining defendants and counts without prejudice.[3] **Dkt. No. 218.**

---

[1] In 2014, the District Judge presided over another matter Thornton brought involving similar allegations and some of the same defendants. Thornton v. Hens-Greco, et al., No. 2:14-cv-01469 (W.D. Pa. Dec. 11, 2014).

[2] Thornton filed numerous motions for default judgment based on various defendants' failure to respond to his complaint. **See, e.g., Dkt. Nos. 30-31, 34, 37.** The District Court denied those motions. **Dkt. No. 114; Dkt. No. 136; Dkt. No. 218 at 1 n.1.**

[3] That dismissal was based in part on Thornton's failure to effectuate valid service. **Dkt. No. 218 at 20-21.**

Thornton filed a petition for a writ of mandamus in this Court.[4]  **C.A. Dkt. No. 1.**

He asserts that the District Judge's recusal is required under 28 U.S.C. § 455(a) because a

reasonable person might question the District Judge's impartiality.  **Id. at 2-13.**  Thornton

requests that we issue a writ removing the District Judge and ordering the District Court

Clerk to file the executed official summonses as exhibits on the docket to dispute a

specific group of defendants' assertions that he failed to validly serve them.  **Id. at 13-18;**

**see Dkt. No. 123, 127, 129, 132, 133, 135, 137 (filings and orders related to dispute**

**about valid service).**

A writ of mandamus is an extreme remedy that is invoked only in extraordinary

situations.  See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976).  "Mandamus is a

proper means for this court to review a district court judge's refusal to recuse from a case

pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be

questioned."  Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993).

We review such a refusal for abuse of discretion.  In re Kensington Int'l Ltd., 368 F.3d

289, 300-01 (3d Cir. 2004).

Thornton has not shown that relief is due.  His vague assertions that a tangential

relationship exists between this matter and the District Judge's prior work as an attorney

---

[4] Thornton initially filed the petition in C.A. No. 24-1825, his pending appeal of the
District Court's dismissal.

3

and personal connections to Allegheny County do not amount to circumstances in which a reasonable person would conclude that the District Judge's impartiality might reasonably be questioned. **C.A. Dkt. No. 1 at 2-13.** See id. at 301-02 (discussing standard for disqualification); see also United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (explaining that recusal motions are insufficient if based on "possibilities and unsubstantiated allegations" (internal quotations omitted)). And, as to Thornton's references to the District Judge's rulings in his 2014 case and this matter, **C.A. Dkt. No. 1 at 6-7,** "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Mandamus relief is also not warranted with respect to Thornton's request that we compel the District Court Clerk to file the official summonses as exhibits. To obtain the writ, a petitioner must show that he has no other adequate means to obtain the relief he desires and that his right to issuance of the writ is clear and indisputable. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). To the extent Thornton's assertions about the summonses relate to the District Court's conclusion that he failed to meet his burden of proving that he effectuated valid service, and its rulings related to that conclusion, **C.A. Dkt. No. 1 at 13-17,** Thornton may raise those issues on appeal. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) ("[A] writ of mandamus may not issue if a petitioner can obtain relief by appeal."). To the extent he otherwise seeks to compel

4

the District Court Clerk to file the official summonses in a specific manner, Thornton has shown no clear and indisputable right to the relief requested. That filing is not required for proof of service to the District Court, see Fed. R. Civ. P. 4(*l*)(1), and the Court acknowledged in an order that Thornton filed the official summonses, the accuracy of which Thornton does not dispute. **Dkt. No. 199.** Relatedly, Thornton's request that the District Court Clerk return those summonses to him is better directed to the District Court, and he has not shown a clear right to that relief in this Court.[5] **C.A. Dkt. No. 1 at 2 & 18.**

Accordingly, we will deny Thornton's mandamus petition.

---

[5] Thornton's request for additional relief in the form of a large-scale investigation of the District Court Judge, Clerk, and others is denied. **C.A. Dkt. No. 1 at 18.**